IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PHILLIPPE FRANKLIN,

    Plaintiff,

v.                                          CASE NO. 4:12-cv-418-MP-GRJ

RICK SCOTT,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Doc. 1, a *pro se* civil rights complaint under 42 U.S.C. § 1983 and Doc. 2, Plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons discussed below, it is **RECOMMENDED** that Plaintiff's suit be **DISMISSED**.

    Plaintiff, an inmate at the Metro West Detention Center in Miami, Florida. appears to allege that he has been deprived of his right to a speedy trial. This Court must abstain from passing on his claims pursuant to the Younger v. Harris abstention doctrine. 401 U.S. 37 (1971). "Under Younger v. Harris and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc., 124 F.3d 1258, 1261 (11th Cir. 1997). "The policy of equitable restraint expressed in [Younger] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Hughes v. Att'y Gen. of Florida, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004). The exceptions to Younger are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no

adequate alternative state forum where the petitioner's constitutional issues can be raised. Id. at 1263 n.6. None of the Younger exceptions apply in this case. Plaintiff has an adequate opportunity to advance his speedy trial claims in the state court criminal proceedings.

Furthermore, to the extent Plaintiff is challenging aspects of his criminal proceedings, these claims are not cognizable in a civil rights action. A habeas corpus action would be the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted). Plaintiff has not remedied his confinement by any of the procedures listed in Heck and accordingly, his civil rights action is due to be dismissed. See also Alvarez-Machian v. United States, 107 F.3d 696, 700-01 (9th Cir. 1996) (applying Heck to pre-trial detainees).

Also, to the extent Plaintiff is attempting to file suit on behalf of himself and other pre-trial detainees, the law in the Eleventh Circuit expressly prohibits prisoners seeking

to proceed in forma pauperis from joining together as plaintiffs in a single law suit. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001). Each prisoner is required to file his own lawsuit and pay the full amount of the filing fee.

Finally, this is the third federal civil rights lawsuit Plaintiff has filed this year while incarcerated at the Metro West Detention Center. This Court judicially notices that at least two of Plaintiff's prior actions were dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Franklin v. Rossi, Case No. 1:12-cv-21432 (S.D. Fla. May 31, 2012) and Franklin v. Department of Corrections, Case No. 1:12-cv-21256 (S.D. Fla. July 25, 2012). Each of these suits counts as a "strike" under 28 U.S.C. § 1915(g), which provides:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained at any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is advised that should the undersigned's Report and Recommendation be adopted by the District Judge, the instant action will count as his third "strike" under the three-strikes bar of 28 U.S.C. § 1915(g), and he will be barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For the foregoing reasons, it is respectfully **RECOMMENDED** that:

1. The Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

*Case No: 4:12-cv-418-MP-GRJ*

2. Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 2, be

**GRANTED** for the limited purpose of screening this action.

3. All pending motions be terminated and the Clerk directed to close the file.

**IN CHAMBERS** in Gainesville, Florida, on August 27, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**