IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PHILLIPPE FRANKLIN,

    Plaintiff,

v.                                     CASE NO. 4:12-cv-00418-MP-GRJ

RICK SCOTT,

    Defendant.

_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated August 27, 2012. (Doc. 4). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Rather than objecting, the plaintiff filed a motion to withdraw the complaint, Doc. 5. The Court rejects this stratagem and agrees with its sister federal district court in Georgia:

> Plaintiff's motion to dismiss was filed after the Court had screened his complaint pursuant to 28 U.S.C. § 1915A, found its allegations lacking, and recommended its dismissal as frivolous. Now that his trial balloon of a complaint has been punctured, plaintiff hopes to dismiss his case voluntarily before the district judge is afforded an opportunity to review and consider adopting the R & R. Through this stratagem, plaintiff endeavors to interrupt the PLRA-mandated screening process prior to accruing a strike for filing a legally insufficient complaint, thereby circumventing § 1915(g)'s three-strikes provision. As other courts have recognized, the PLRA does not permit this type of gamesmanship. "[A]llowing a prisoner to voluntarily dismiss a complaint ... after screening has been completed [would] allow prisoners to frustrate Congress's intent behind enacting the PLRA." Hines v. Graham, 320 F.Supp.2d 511, 526 (N.D.Tex. 2004); Apel v. McCool, 2007 WL 4592245, at *1 (N.D.Fla. Dec.28, 2007); Young v. Leonard, 2006 WL 3447662, at *1 (S.D.Tex. Nov.21, 2006); Sumner v. Tucker, 9 F.Supp.2d 641, 644 (E.D.Va. 1998) ("It would frustrate the purpose of Section 1915(g) if an inmate was allowed to exploit this system by filing a meritless action and waiting

until after it was reviewed to move for its dismissal."); *see* <u>Davis v. Huskipower Outdoor Equip. Corp.</u>, 936 F.2d 193, 199 (5th Cir.1991) (noting that it would be inappropriate to grant a plaintiff's motion to voluntarily dismiss his case "after the magistrate had considered the case and issued a comprehensive recommendation that was adverse to their position").

<u>Stone v. Smith</u>, Not Reported in F.Supp.2d, 2009 WL 368620, at *1 (S.D.Ga. 2009).

Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2.  The Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

3.  Plaintiff's motion for leave to proceed in forma pauperis, Doc. 2, is GRANTED for the limited purpose of screening this action.

4.  All pending motions be terminated and the Clerk directed to close the file.

**DONE AND ORDERED** this *2nd* day of October, 2012

                         *s/Maurice M. Paul*
                         Maurice M. Paul, Senior District Judge